IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
RICHARD Z. SAMUELS,            )
                               )
              Plaintiff,       )        4:09CV3092
                               )
         v.                    )
                               )
NEBRASKA DEPT. OF CORRECTIONS;)        MEMORANDUM AND ORDER
NEBRASKA STATE PENITENTIARY,   )
Health Services; DR.           )
FREDERICK HATHAWAY,            )
Orthopedic Surgeon,            )
                               )
              Defendants.      )
_____)
```

Plaintiff filed his complaint in this matter on May 11, 2009 (Filing No. 1). Plaintiff has previously been given leave to proceed in forma pauperis (Filing No. 11). The Court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I.  **SUMMARY OF COMPLAINT**

Plaintiff filed his complaint on May 11, 2009, against the Nebraska Department of Corrections ("DCS"), the Nebraska State Penitentiary ("NSP"), and Dr. Frederick Hathaway (Filing No. 1 at CM/ECF p. 1). Plaintiff is currently incarcerated at the Tazewell County Jail, in Pekin, Illinois. (*Id.*)

Plaintiff alleges that defendants committed "medical negligence" and showed "deliberate indifference" with regard to his hip pain. (*Id.* at CM/ECF pp. 4-5.) Plaintiff also alleges that defendant Hathaway committed medical malpractice when he improperly performed plaintiff's two hip surgeries. (*Id.*)

Plaintiff seeks monetary damages in the amount of $750,000.00. (*Id*. at CM/ECF p. 6.)  Plaintiff also seeks injunctive relief in the form of a declaratory order revoking defendant Hathaway's medical license.  (*Id*.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson, 355 U.S. 41 (1967)*, and setting new standard for failure to state a claim upon which relief may be granted).  Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  However, a pro se plaintiff's allegations must be construed liberally.

-2-

*Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, plaintiff here alleges federal constitutional claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III. DISCUSSION OF CLAIMS

A. Plaintiff's Monetary Damages Claims Against Defendants DCS and NSP

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g.,* *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995).  Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.,* *Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981).  Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to

-3-

42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

Here, plaintiff seeks monetary and injunctive relief against defendants (Filing No. 1 at CM/ECF p. 6). However, he seeks this relief against two state instrumentalities, DCS and NSP. As discussed above, the Eleventh Amendment bars damages claims against state instrumentalities. Thus, plaintiff's monetary damages claims against defendants DCS and NSP will be dismissed.

B.   Plaintiff's Eighth Amendment Medical Claims

The Court liberally construes plaintiff's complaint to allege an Eighth Amendment claim relating to improper medical treatment. A prisoner-plaintiff seeking relief for claims relating to his medical care must allege that a defendant-prison official was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). Further, a plaintiff must allege that he had objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs. *Hartsfield v. Colburn* 491 F.3d 394, 396-97 (8th Cir. 2007); *Johnson v. Hamilton*, 452 F.3d 967, 972-73 (8th Cir. 2006). "[S]ociety does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Therefore, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if

-4-

those needs are 'serious.'" *Id.* (citing *Estelle*, 429 U.S. at 103-04).

Here, plaintiff alleges that an improperly performed hip surgery has caused ongoing pain and will require an additional surgery (Filing No. 1 at CM/ECF pp. 4-5). In addition, plaintiff alleges that defendants showed "deliberate indifference" with regard to his hip pain. (*Id.* at CM/ECF p. 4.) Liberally construed, plaintiff's hip pain is a serious medical need. However, Plaintiff does not allege that defendants deliberately disregarded this serious medical need. In fact, plaintiff alleges that he has seen three orthopedic surgeons, a physician's assistant, and a neurosurgeon since his hip operation. (*Id.* at CM/ECF p. 5.) In short, plaintiff's facial allegations of deliberate indifference are insufficient to "nudge" his Eighth Amendment claim against defendants across the line from conceivable to plausible. As a result, plaintiff's Eighth Amendment claim against defendants must also be dismissed.

C. Plaintiff's Claims for Injunctive Relief

Plaintiff asks the Court to issue an order revoking defendant Hathaway's medical license. (*Id.* at CM/ECF p. 6.) In Nebraska, "[l]icenses to practice medicine . . . are issued [and revoked] by the Nebraska Department of Health and Human Services . . . under the provisions of the Uniform Licensing Law." *In re Reinstatement of Navrkal*, 703 N.W.2d 247, 255 (Neb. 2005). Thus, any revocation of defendant's medical license is a question of state law governed by state statute. *See*, *e.g.*, Neb. Rev. Stat.

§ 38-178.   The Court does not have the authority to revoke
defendant's medical license in this matter.   In light of this
finding, plaintiff's request to revoke defendant Hathaway's
medical license, and consequently, plaintiff's claims for
injunctive relief against defendants must be dismissed.

> D.   Plaintiff's State Law Claims

Plaintiff's only remaining claims are state law claims
against defendant Hathaway for medical malpractice (Filing No. 1
at CM/ECF p. 4).   However, in order for plaintiff to proceed in
this Court on his state law claims only, he must establish
subject matter jurisdiction.   Subject matter jurisdiction is
proper pursuant to 28 U.S.C. § 1332, commonly referred to as
"diversity of citizenship" jurisdiction.   For purposes of 28
U.S.C. § 1332, "diversity of citizenship" means that "the
citizenship of each plaintiff is different from the citizenship
of each defendant."   *Ryan v. Schneider Nat'l Carriers, Inc.*, 263
F.3d 816, 819 (8th Cir. 2001) (citation omitted).   In addition,
the amount in controversy must be greater than $75,000.00 for
diversity of citizenship jurisdiction.   28 U.S.C. § 1332(a).

It is clear from plaintiff's complaint that he is an
Illinois citizen and that defendants are Nebraska citizens
(Filing No. 1 at CM/ECF p. 1).   In addition, plaintiff's alleged
amount in controversy is greater than $75,000.00.   (*Id*. at CM/ECF
p. 6.)   Thus, plaintiff has established diversity of citizenship
jurisdiction.   Accordingly, plaintiff's state law claims against

defendant Hathaway may proceed and service is now warranted. Accordingly,

IT IS ORDERED:

1.    Plaintiff's claims against defendants DCS and NSP are dismissed.

2.    Plaintiff's request for injunctive relief and his Eighth Amendment claims against defendant Hathaway are also dismissed.

3.    Plaintiff's state law claims against defendant Hathaway for medical malpractice may proceed and service is now warranted as to those claims only.

4.    To obtain service of process on defendant Hathaway, plaintiff must complete and return the summons forms which the clerk of the court will provide.  The clerk of the court shall send ONE (1) summons form and ONE (1) USM-285 form to plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the clerk of the court.  In the absence of the forms, service of process cannot occur.

5.    Upon receipt of the completed forms, the clerk of the court will sign the summons forms, to be forwarded with a copy of the complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and complaint without payment of costs or fees.  Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the

Marshal.  The clerk of the court will copy the complaint, and plaintiff does not need to do so.

6.  Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint.  However, because in this order plaintiff is informed of these requirements for the first time, plaintiff is granted an extension of time until 120 days from the date of this order to complete service of process.

7.  Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.  A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

8.  The clerk of court is directed to set a pro se case management deadline in this case with the following text: "October 21, 2009:  Check for completion of service of summons."

9.  The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.  Plaintiff shall keep the Court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal.

DATED this 24th day of June, 2009.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

-8-